### Kenneth L. ALLEN, Plaintiff— Appellant,

v.

### UNITED STATES INTERNAL REVENUE SERVICE; et al., Defendants—Appellees.

### No. 04–16308.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Kenneth L. Allen, Lake Montezuma, AZ, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce Ellisen, Esq., Karen D. Utiger, DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Defendants— Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Kenneth L. Allen appeals pro se the district court's order dismissing his action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291. "We first determine whether the district judge had an adequate factual basis for decision, and if not, remand. If there was an adequate factual basis, we will overturn the district court's fact findings underlying its decision only for clear error." *Fiduccia v. U.S. Dep't of Justice,* 185 F.3d 1035, 1040 (9th Cir.1999). We affirm.

The district court properly concluded that the Internal Revenue Service ("IRS") conducted an adequate search for documents responsive to Allen's FOIA requests, and produced all responsive documents to Allen. *See Zemansky v. U.S. Envtl. Prot. Agency,* 767 F.2d 569, 571 (9th Cir.1985) ("In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.") (citation omitted).

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly rejected Allen's contention that the IRS violated the Federal Records Act because that statute does not provide a private cause of action. *See Kissinger v. Reporters Comm. for Freedom of Press,* 445 U.S. 136, 147–49, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).

Allen's remaining contentions lack merit.

AFFIRMED.